```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                         MACON DIVISION


UNITED STATES OF AMERICA       )
                               )
          v.                   )
                               )         5:13-cr-68-MTT
STEPHEN A. MURRAY,             )
and                            )
                               )
BIO-TECH MANAGEMENT, INC.      )
dba Bio-Tech Systems           )
```

## UNITED STATES' BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE

The United States of America, by and through Richard J. Powers and Adam C. Cullman, Trial Attorneys for the Environmental Crimes Section, U.S. Department of Justice, respectfully submit this brief in support of its Motion in Limine to Exclude Evidence (Document No. 23).  Specifically, the Government requests that the Court exclude the following during trial: 1) Evidence or argument regarding the lack of environmental harm in that environmental harm is not an element of the offenses charged and is irrelevant; 2) Evidence or argument regarding the lack of physical harm in that physical harm is not an element of the offenses charged and is irrelevant; and 3) Evidence or argument seeking jury nullification.

**I. Statement of Facts**

Stephen A. Murray and Bio-Tech Management, Inc. ("defendants") provided pest control services to nursing homes clients in Alabama, Georgia, South Carolina, North Carolina, Florida and Tennessee, from October 2005 until approximately August 2010.  Among the pesticides routinely applied by Bio-Tech technicians at client nursing homes was Termidor SC ("Termidor").  Termidor is a lawfully registered pesticide with a manufacturer's label approved by the United States Environmental Protection Agency ("U.S. EPA").  The active ingredient in Termidor is Fipronil, which constitutes 9.1% of the pesticide.  According to the directions contained on its label, Termidor was not allowed to be used inside a structure to kill or control ants, cockroaches, earwigs, silverfish, spiders or other listed perimeter pests except as a foam application into wall voids.  The Termidor label further prohibited more than two applications per year to kill these listed perimeter pests.

In a September 11, 2013 Indictment, defendants were charged with one count of conspiracy, 18 U.S.C. § 371; eleven counts of making false statements, 18 U.S.C. § 1001; twenty counts of falsification of records, 18 U.S.C. § 1519; ten counts of mail fraud, 18 U.S.C. § 1341; and ten counts of violating the

Federal, Insecticide, Fungicide and Rodenticide Act (FIFRA, 7 U.S.C § 136j, by knowingly using a registered pesticide in a manner that was inconsistent with its labeling.

FIFRA regulates the application and registration of pesticides.  The FIFRA charges in this case involve allegations that the defendants habitually misapplied the registered pesticide Termidor inside of nursing homes in Georgia contrary to approved label instructions.

## II. Argument

### A. Evidence of Lack of Environmental Harm is Not Relevant to Any of the Offenses Charged.

Any evidence that the application of Termidor to nursing home interiors did not cause environmental harm should be excluded.  Such argument or evidence is neither relevant to any of the elements of the offenses charged nor any applicable defense.

Relevant evidence is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." Fed. R. Evid. 401. Implicit in that definition are two distinct requirements:

(1) the evidence must be probative of the proposition it is offered to prove; and (2) the proposition to be proved must be one that is of consequence to the determination of the action. *United States v. Glasser*, 773 F.2d 1553, 1560 (11th Cir. 1985).

The elements that the government must prove for the charged FIFRA violations are: (1) defendant used a registered pesticide; (2) in a manner inconsistent with its labeling; and (3) defendant did so knowingly. Harm to the environment is not an element of the offense.[1] Neither is it a defense to the crime charged. FIFRA provides that once a pesticide product is registered, the application of that pesticide inconsistent with its labeling is a violation of the statute. 7 U.S.C. 136j. Since evidence of harm is neither an element of the offense charged nor a recognized defense, it is irrelevant and should not be admissible at trial.

Similar statutes confirm this reading. Like FIFRA, the Clean Water Act contains strict prohibitions. The Clean Water Act makes illegal the knowing discharge of pollutants into waters of the United States except in compliance with properly issued permits. 33 U.S.C. §§ 1311(a), 1319(c). Proof of harm to the environment is not required to establish such a violation. *United States v. Tuma*, 738 F.3d 681 (5th Cir.

---
[1] Environmental harm is not an element of the Title 18 offenses of conspiracy, false statements, records falsification or mail fraud and therefore those charges are not discussed here.

2013)(holding that environmental harm was not an element of the Clean Water Act criminal offenses of discharging untreated waste water in violation of a permit and discharging without a permit nor was it an element of the Title 18 offenses of conspiracy and obstructing an EPA investigation); *Minnehaha Creek Watershed District v. Hoffman*, 597 F.2d 617, 626-27 (8th Cir. 1979) (holding that the Clean Water Act does not require proof that water quality has been affected for a violation to be shown); *Chesapeake Bay Foundation v. Bethlehem Steel Corp.*, 652 F. Supp. 620, 631-32 (D. Md. 1987) (finding magnitude of permit violation not relevant to determining alleged violator's liability); *Connecticut Fund for the Environment v. Stewart-Warner Corp.*, 631 F. Supp. 1286, 1288-89 (D. Conn. 1986) (finding that permit violations need not be "statistically significant" to give rise to liability under Clean Water Act).

As in the Clean Water Act, the FIFRA prohibits certain *conduct* in order to protect public health and the environment. It follows then that environmental harm is not an element that must be proved at trial.  The absence of environmental harm is immaterial to whether defendants knowingly applied Termidor in a manner inconsistent with its label.

Even were this Court to decide that evidence concerning environmental harm is relevant, the Court should exclude such

testimony under Rule 403 of the Federal Rules of Evidence because its minimal probative value would be substantially outweighed by the danger of undue delay and confusion of the issues.

The jury in this case should not be tasked with an evidentiary debate over whether the defendants' actions in applying Termidor inside nursing homes caused environmental harm, when the appropriate elements to be considered involve only a determination of whether the defendants knowingly applied the registered pesticide Termidor in a manner inconsistent with its labeling.

**B. Evidence of Lack of Physical Harm is Not Relevant to Any of the Offenses Charged.**

Any evidence that the application of Termidor to the nursing home interiors did not cause physical harm should be excluded. Such evidence or argument is irrelevant and fails to address any element of the offenses charged or any applicable defense.[2]  The appropriate elements to be considered involve only a determination of whether the defendants knowingly applied the registered pesticide Termidor in a manner inconsistent with its labeling.

---

[2] While this evidence may be appropriate for sentencing, it is not relevant to the guilt phase of the trial.

Moreover, any determination regarding physical harm would require a lengthy presentation of technical evidence by both defendants and the government that would likely confuse the main issues regarding the charged FIFRA violations and thus unduly complicate and delay the trial.

### C. Evidence or Argument Promoting Jury Nullification Should be Excluded at Trial.

The United States further requests this Court to prohibit the defense from introducing evidence or presenting argument at trial that encourages jury nullification.

The defendants are not entitled to present evidence, argument or an instruction to promote jury nullification. *United States v. Funches*, 135 F. 3d 1405, 1409 (11th Cir. 1998); *Cave v. Singletary*, 971 F. 2d 1513, 1518 (11th Cir. 1992)(holding that defense counsel may not encourage the jury to ignore the court's instruction and apply the law at their caprice)(*citing United States v. Trujillo*, 714 F. 2d 102, 106 (11th Cir. 1983)). "[N]either a defendant nor his attorney has a right to present to a jury evidence that is irrelevant to a legal defense to, or an element of, the crime charged. Verdicts must be based on the law and the evidence, not on jury nullification as urged by either litigant." *Zal v. Steppe*, 968 F.2d 924, 930 (9th Cir. 1992)(concurring opinion); *see also United States v. Manfre*,

2009 WL 160312 (W.D. Ark 2009)(stating that a trial judge may instruct the jury on the dimensions of their duty to the exclusion of jury nullification).

**CONCLUSION**

WHEREFORE, the United States respectfully requests that the court exclude evidence and argument that there was no environmental or physical harm resulting from defendants' actions, and any argument or evidence that would invite jury nullification.

                                Respectfully submitted,

                                Robert G. Dreher
                                Acting Assistant Attorney General
                                Environment and Natural
                                Resources Division
                                U.S. Department of Justice

                                /S/ Richard J. Powers
                                RICHARD J. POWERS
                                Trial Attorney
                                IL Bar No. 6209760
                                Environmental Crimes Section
                                U.S. Department of Justice
                                P.O. Box 7611
                                Washington, DC 20044
                                (202)514-5472

                                /S/ Adam Cullman
                                ADAM CULLMAN
                                KY Bar NO. 93912
                                Trial Attorney
                                Environmental Crimes Section
                                U.S. Department of Justice
                                P.O. Box 7611
                                Washington, DC 20044
                                (202)305-0227

**CERTIFICATE OF SERVICE**

    I hereby certify that, on February 21, 2014, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

>James R. Sturdivant
>Sirote & Permutt
>2311 Highland Avenue South
>Birmingham, AL 35205
>
>Floyd Buford
>136 College Street
>Macon, GA 31201

/S/ *RICHARD J. POWERS*
RICHARD J. POWERS
IL Bar No. 6209760
Trial Attorney
ENVIRONMENTAL CRIMES SECTION
U.S. Department of Justice
P.O. Box 7011
Washington, DC 20044
Phone: (202)514-5472
