IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>STEVEN A. MURRAY AND )<br>BIOTECH MANAGEMENT, INC. )<br>DBA BIO-TECH SYSTEMS )<br>)<br>DEFENDANT. )<br>) | CRIM NO. 5:13-CR-68-MTT |

RESPONSE TO GOVERNMENT'S
MOTION IN LIMINE TO EXCLUDE EVIDENCE

COME NOW the defendants, Steven A. Murray ("Mr. Murray") and Biotech Management, Inc. DBA Bio-Tech Systems ("Biotech"), and in response to the Government's Motion in Limine to Exclude Evidence (Doc. 22), responds as follows:

1. The Government seeks to bar evidence, in a case brought by the United States Environmental Protection Agency ("EPA") and the Environmental and Natural Resources Division of the Department of Justice, of a lack of harm to the environment.

2. Similarly, the Government seeks to bar evidence of a lack of physical harm or injury to any person.

3.  Finally, the Government seeks an advance ruling prohibiting "jury nullification" tactics.

4.  Mr. Murray and Biotech oppose this motion on the following grounds:

   A.  Evidence of a lack of harm to persons or the environment is critical on the issue of mens rea on <u>all</u> of the felony offenses charged in the Indictment.

   B.  If a reasonable jury hears no evidence or information whatsoever about the lack of harm to the environment or persons, then in a case with this degree of complexity, being prosecuted/investigated by the EPA and Environmental and Natural Resources Division of the main office of the Department of Justice, there is a real and substantial danger that a reasonable juror or jurors may well conclude that there "had to be" some harm.

   C.  The Government's jury nullification motion is far too vague and broad and the concerns raised in that portion of the Government's motion can be addressed during trial, as specific issues arise, rather than by a blanket advance ruling on abstract or speculative concerns over such tactics.

### Evidence of a lack of harm to persons or the environment is critical on the issue of mens rea with regard to the vast bulk of the charges in the indictment, and with regard to all of the felonies charged.

5. As noted by the government in its brief in support of its motion (Doc. 23), the defendant is charged with one count of conspiracy under 18 U.S. Code Section 371; eleven counts of making false statements in violation of 18 U.S. Code Section 1001, twenty counts of obstruction of justice by means of records falsification in violation of 18 U.S. Code 1519; and ten counts of mail fraud in violation of 18 U.S. Code Section 1341. All of these charges are <u>felonies</u>. The defendants are also charged with ten <u>misdemeanor</u> violations of applying a registered pesticide in a manner inconsistent with its labeling.

The Government in its filing ignores the felony counts of the indictment other than to state the obvious – harm to the environment or persons is not a required element of those (broad in scope) offenses. However, all of those 32 felony charges are specific intent crimes, as follows

- *Conspiracy*: knowing participation in a plan to violate federal law [<u>See</u> <u>United States v. Brenson</u>, 104 F.3d 1267 (11th Cir. 1997)];

- *False statement*: knowingly and willfully making a material false statement in a matter within the jurisdiction of a federal agency [<u>See</u> <u>United States v. House</u>, 684 F.2d 1173, 1203 (11th Cir. 2012)];

3

- *Obstruction of justice*: to knowingly falsify records with the intent to impede or obstruct the investigation or proper administration of any matter (within the jurisdiction) of a federal agency or department [18 U.S. Code §1519];

- *Mail fraud*: to enter into a scheme to defraud or obtain money by means of false and fraudulent pretenses. Intentional participation must be proven, and a knowing and willful joining of the scheme is required [See United States v. Suba, 132 F. 3d 662 (11th Cir. 1998)].

6.  As the Government has indicated, there will be no evidence whatsoever in this case of any harm to the environment or of any injury to any person. This absence of harm or injury is vital to the defense of this case in that the absence of harm tends to show there was no motive for the alleged specific intent offenses charged, and/or tends to negate the mental states required to be proven beyond a reasonable doubt, with regard to the felony charges in this case. Accordingly, the defense should not be prohibited from eliciting facts concerning or making any mention of the utter lack of harm to the environment or injury to any natural persons.

**If a reasonable jury hears no evidence or information whatsoever about the lack of harm to the environment or persons, then in a case with this degree of complexity, prosecuted/investigated by the EPA and Environmental and Natural Resources Division of the main office of the Department of Justice, there is a real and substantial danger that a reasonable <u>juror or jurors may well conclude that there "had to be" some harm.</u>**

7.   The lack of harm to the environment or injury to any person is a crucial fact which permeates this case. This is the EPA's case. The government witnesses and attorneys are largely comprised of EPA personnel, Georgia Department of Agriculture Personnel, and their counterparts from a number of other Southern states. The attorneys for the Government are from "main Justice," in the DOJ's Environmental and Natural Resources Division. The jury must be permitted to know this fundamental truth (no harm to persons or the environment), and be asked to consider this reality when assessing the facts of this case. Otherwise, there is a grave danger the jury will infer the opposite – particularly given that the vast majority of the acts and omissions alleged in the indictment occurred in nursing homes, places where our society's most frail and vulnerable citizens reside. Mr. Murray and the corporation are entitled to have their alleged conduct considered in the context of the reality as it existed at the time of the alleged acts or omissions, and after the Government has had a number of years to investigate whether any harm to the environment or injury to any persons has occurred.

**The Government's jury nullification motion is far too vague and broad and the concerns raised in that portion of the Government's motion can be addressed during trial, as specific issues arise, rather than by a <u>blanket advance ruling on abstract or speculative concerns over such tactics.</u>**

8. The Government's jury nullification concerns can be addressed as the trial unfolds, and as specific evidence develops during trial. An advance ruling is not necessary, nor is one appropriate at this stage.

WHEREFORE, Defendants request the Court deny the Government's Motion in Limine.

Respectfully submitted this 25th day of February, 2014.

                                                s/ James R. Sturdivant
                                                James R. Sturdivant (ASB-5071-R71J)
                                                jsturdivant@sirote.com
                                                Attorney for Defendant

**OF COUNSEL:**
**SIROTE & PERMUTT, PC**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel:   205-930-5124
Fax:   205-930-5335

Floyd M. Buford, Jr., Esq.
136 College Street
Post Office Box 4747
Macon, GA  31208

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of February, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard J. Powers
Trial Attorney
Environmental Crimes Section
United States Department of Justice
P.O. Box 7611
Washington, DC  20044

Adam C. Cullman
Trial Attorney
Environmental Crimes Section
United States Department of Justice
P.O. Box 7611
Washington, DC  20044

> s/ James R. Sturdivant
> OF COUNSEL