IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>PLAINTIFF,  )<br>  )<br>v.  )<br>  )<br>STEVEN A. MURRAY AND  )<br>BIOTECH MANAGEMENT, INC.  )<br>DBA BIO-TECH SYSTEMS  )<br>  )<br>DEFENDANT.  )<br>  ) | CRIM NO. 5:13-CR-68-MTT |

## MEMORANDUM IN SUPPORT OF MOTION TO PRECLUDE

COME NOW the defendants, Steven A. Murray ("Mr. Murray") and Biotech Management, Inc. DBA Bio-Tech Systems ("Biotech"), (collectively "Defendants"), and in support of its Motion to Preclude the Government from calling experts, Defendants hereby provide this Memorandum in Support of said Motion.

1.   On or about September 23, 2013, this Court issued its Standard Pretrial Order which, among other things, governs discovery procedures. At paragraph 12, the Order reiterates Rule 16's provisions concerning the Government's obligation to disclose written expert summaries. A copy of the Pretrial Order is attached hereto as Exhibit 1.

2. On February 6, 2014, at approximately 2:12 p.m., the undersigned defense counsel sent Mr. Powers correspondence attached hereto as Exhibit 2, via email and U.S. mail, requesting written summaries in accordance with paragraph 12 of the Court's Pretrial Order.

3. On February 7, 2014, a separate email requesting the same information was sent to Mr. Powers by the undersigned. This email is attached as Exhibit 3.

4. On Thursday, February 13, 2014, the Court held a telephone conference call with the attorneys in this case. At that conference call, when the Court gave all counsel an opportunity to raise any issues, toward the conclusion of the telephonic conference, undersigned counsel specifically raised the issue of the lack of any expert disclosures or summaries provided by the Government. It is the recollection of undersigned counsel that Government counsel responded that he was unsure of whether or not he would have any such experts or disclosures, but that he was looking at that issue. It is the recollection of undersigned counsel that the Court made it clear that the government needed to make a decision on that soon and then disclose expert information in accordance with the Court's Pretrial Order.

5. On Friday night, February 21, 2014, at approximately 10:43 p.m. Eastern Time, the Government emailed the correspondence set forth at Exhibit A

to the Motion to Preclude filed contemporaneously herewith. A copy of the email which forwarded this correspondence is attached hereto as Exhibit 4.

6.      The Defendants urge this Court to preclude the Government from calling the experts listed on Exhibit A of the Motion to Preclude. All of the experts appear to be current employees of either the Environmental Protection Agency of the United States or the Georgia Department of Agriculture, with the exception of Cheryn Jones, who is a retired EPA employee, according to the disclosure. In none of the disclosures are any qualifications listed of any type other than a recitation of the person's current, or in the case of Ms. Jones, former, position with the governmental agency. Therefore, in addition to being extremely untimely, the disclosures are inadequate and incomplete inasmuch as the Court's Pretrial Order and Rule 16 require the witnesses' qualifications to be disclosed. In addition, the bases and reasons for the witnesses' opinions are not disclosed (rather, the disclosures contain at most the witnesses' opinions, but not the bases and reasons for those opinions).

7.      The Defendants are not in a position to be able to counter this expert testimony with expert evidence contradicting, qualifying or mitigating the opinions set forth in the untimely and incomplete disclosure.

8.      Furthermore, the defendants are entitled to have expert assistance in preparing for cross-examination of the Government's experts. There is insufficient

3

time for experts to be located and retained, so that such assistance can be provided so as to allow the defense to be prepared to adequately cross-examine the experts identified by the Government in its untimely disclosure.

WHEREFORE, Defendants request that this Court enter an Order precluding the Government from calling the experts set forth in its February 21, 2014 disclosure letter to defense counsel.

Respectfully submitted this 26th day of February, 2014.

s/ James R. Sturdivant
James R. Sturdivant (ASB-5071-R71J )
jsturdivant@sirote.com
Attorney for Defendant

**OF COUNSEL:**
**SIROTE & PERMUTT, PC**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel:   205-930-5124
Fax:   205-930-5335

Floyd M. Buford, Jr., Esq.
136 College Street
Post Office Box 4747
Macon, GA  31208

DOCSBHM\1987502\1

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard J. Powers
Trial Attorney
Environmental Crimes Section
United States Department of Justice
P.O. Box 7611
Washington, DC  20044

Adam C. Cullman
Trial Attorney
Environmental Crimes Section
United States Department of Justice
P.O. Box 7611
Washington, DC  20044

s/James R. Sturdivant
OF COUNSEL