IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. 5:13-CR-68 (MTT) |
| | ) |
| STEPHEN A. MURRAY and BIO-TECH | ) |
| MANAGEMENT, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

Before the Court is the Defendants' motion for a continuance (Doc. 36) renewed from their oral motion made during a telephone conference on March 5, 2014. The Court denied the initial motion during that conference. Both the Defendants' initial and renewed motions are based on the Government's alleged failure to comply with its discovery obligations pursuant to Fed. R. Crim. P. 16(a).

The Defendants' renewed motion and supporting briefs do not materially change the facts disclosed at the telephone conference. The Defendants initially thought there were approximately 14,000 documents missing based on numbering gaps in the documents the Government produced on January 23, 2014.[1] The Government has asserted a coding error accounts for the majority of these "missing" documents. The Government also asserts most of the other "missing" documents are duplicates of some it has already produced, but it has nonetheless mailed them to the Defendants. (Docs. 38-3; 39-1). There are approximately 700 documents the Government acknowledges it did not produce; however, it appears to have now emailed and mailed these documents

---

[1] The Defendants only discovered these gaps earlier this week.

to the Defendants. (Doc. 39-1). The Government represents that these documents do not include *Brady* or *Giglio* material. In fact, they will not use the documents at trial.

In further support of their motion, the Defendants revisit their motion to preclude the Government from using expert witness testimony because of untimely disclosure (Doc. 26), which the Court denied at the pretrial conference on February 27. As noted then, the Defendants first requested the Government disclose any expert witnesses it planned to use at trial on February 6, and the Government sent a written summary of the expert testimony it planned to offer on February 21—approximately two weeks later. The Government contends these witnesses are not "experts" but are simply regulatory officials. Nonetheless, out of an abundance of caution, the Government disclosed a summary of their planned testimony. Further, at a telephone conference held on February 13, the Government said it was still looking into whether it would offer expert testimony but noted that if it did, it would likely be this type of "regulatory" expert.

The facts still do not warrant a continuance. The Court can fashion an appropriate remedy should the need arise. For the foregoing reasons, the Defendants' motion to continue (Doc. 36) is **DENIED**.

**SO ORDERED**, this 6th day of March, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT